Filed 12/16/22 P. v. Avila CA3
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092546 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F07199) |
| v. | OPINION ON TRANSFER |
| CRUZ ARMANDO AVILA, | |
| Defendant and Appellant. | |

Petitioner Cruz Armando Avila, along with accomplices Pablo Cobb and David Reynoso, entered the home of victim Nicholas Godinez while armed and attempted to rob him. Multiple guns were fired, during which Cobb shot and killed Godinez. A jury found petitioner guilty of first degree murder and found true the special-circumstance allegation that the murder occurred during the commission or attempted commission of burglary and robbery. In 2019, petitioner filed a petition for resentencing pursuant to

1

Penal Code[1] section 1172.6.[2]  The trial court denied the petition on the basis that petitioner was ineligible for section 1172.6 relief as a matter of law.  Petitioner appealed, arguing he demonstrated a prima facie entitlement to relief, and that the trial court should have issued an order to show cause and conducted an evidentiary hearing.  We disagreed and affirmed the trial court's order. (*People v. Avila* (Nov. 5, 2021, C092546) [nonpub. opn.].)

Our Supreme Court granted review but deferred further action pending the disposition in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).  Following its decision, our Supreme Court transferred this matter back to us with directions to vacate our decision and reconsider in light of *Strong*.

We now conclude the trial court's denial of the petition is inconsistent with section 1172.6 and *Strong*.  Accordingly, we reverse and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

For the reasons detailed in our discussion, we need not provide additional detail of the factual background of petitioner's crime.

Suffice it to say, in 1996, petitioner, Cobb, and Reynoso entered Godinez's home while armed and attempted to rob him. (*People v. Avila* (May 2, 2002, C029883) [nonpub. opn.].)  Gunfire broke out, during which petitioner, Reynoso, and Godinez were shot. (*Ibid.*)  Godinez died at the scene. (*Ibid.*)

Although he did not shoot the bullet that killed Godinez, petitioner was charged with murder.  In 1998, a jury found petitioner guilty of first degree murder, burglary, and

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Although petitioner filed his petition under former section 1170.95, we cite to section 1172.6 throughout this opinion.

attempted robbery. The jury found true the special-circumstance allegations that the murder was committed during the commission or attempted commission of a burglary and robbery. The jury instruction provided that to find the special circumstances true, the jury had to find that although petitioner was not the actual killer, he acted "with reckless indifference to human life and as a major participant, [aided,] [abetted,] [counseled,] [commanded,] [induced,] [solicited,] [requested,] [or] [assisted] in the commission of the crime of burglary, robbery, or attempted robbery, which resulted in the death of a human being . . . ." (See CALJIC No. 8.80.1.) The jury also found true that petitioner used a firearm during the commission of the crime. Petitioner was sentenced to life in prison without the possibility of parole plus three years.

In 2019, petitioner filed a petition for resentencing pursuant to section 1172.6. The trial court denied the petition, and found petitioner "simply does not fall within the provisions of Penal Code section [1172.6] -- he is not a person who could not be convicted of first- or second-degree murder under the law as changed by [Senate Bill No.] 1437 -- because the jury found true the very findings now required for first-degree felony-murder pursuant [to Senate Bill No.] 1437." The trial court noted that if petitioner wanted to challenge the legal validity of the special-circumstance findings, he would need to "first obtain collateral relief in a habeas corpus proceeding."

Petitioner appeals.

DISCUSSION

I

*Applicable Law*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in

3

section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added section 1172.6, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

Section 1172.6, subdivision (a) states that a person convicted of felony murder or murder under the natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶]  (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Section 1172.6, subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and states the superior court case number, the year of conviction, and whether the petitioner requests appointment of counsel.  Section 1172.6, subdivision (c), which dictates how the court must handle the petition, reads:  "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response.  The petitioner may file and serve a reply within 30 days after the prosecutor's response is served.  These deadlines shall be extended for good cause.  After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner

4

makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." In *People v. Lewis* (2021) 11 Cal.5th 952, 972, our Supreme Court clarified the prima facie analysis, stating the " 'prima facie bar was intentionally and correctly set very low.' "

Section 1172.6, subdivision (d)(1) provides that a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed should be held within 60 days after the order to show cause. The prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1172.6, subd. (d)(3).) At the hearing, "[t]he admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (*Ibid*.)

II

*Special Circumstances After* Banks *And* Clark

Section 190.2, subdivision (d) provides that special-circumstance findings based on the enumerated felonies in paragraph (17) of subdivision (a)—which includes robbery—require that an aiding and abetting defendant must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); see *People v. Banks* (2015) 61 Cal.4th 788.) Thus, on its face, a special-circumstance finding satisfies the requirements for accomplice murder liability even after

5

Senate Bill No. 1437. (See § 189, subd. (e) [providing where "[a] participant in the perpetration" of a robbery "in which a death occurs is liable for murder" if proven to have been "a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2"].) Since petitioner's conviction, however, our Supreme Court refined the analysis for determining who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *People v. Clark* (2016) 63 Cal.4th 522.

In *People v. Banks*, *supra*, 61 Cal.4th at page 803, our Supreme Court identified a series of considerations, none of which are "necessary, nor is any one of them necessarily sufficient," for determining whether a defendant was a major participant. These include the defendant's role in planning the crime and in "supplying or using lethal weapons"; the defendant's awareness of "particular dangers posed by the nature of the crime"; whether the defendant was "present at the time of the killing, in a position to facilitate or prevent the actual murder"; whether the defendant's own "actions or inaction play[ed] a particular role in the death," and what the defendant did after lethal force was used. (*Ibid*.)

Similarly, in *People v. Clark*, *supra*, 63 Cal.4th at page 617, our Supreme Court found reckless indifference to "encompass[] a willingness to kill (or to assist in another killing) to achieve a distinct aim." It provided a nonexhaustive list of factors to consider in making this determination, including use of or awareness of the presence of a weapon or weapons, physical presence at the scene and opportunity to restrain confederates or aid victims, duration of the crime, knowledge of any threat the confederates might represent, and efforts taken to minimize risks. (*Id.* at pp. 618-623.)

In *Strong*, *supra*, 13 Cal.5th 698, our Supreme Court addressed the impact of *Banks* and *Clark* on section 1172.6 petitions for defendants with special-circumstance findings. The Court found "*Banks* and *Clark* both substantially clarified the law governing findings under Penal Code section 190.2, subdivision (d)" as they "represent the sort of significant change that has traditionally been thought to warrant reexamination

6

of an earlier-litigated issue." (*Strong*, at pp. 706, 717.) Thus, prior special-circumstance findings made before *Banks* and *Clark* "do not preclude a defendant from making out a prima facie case for relief under Senate Bill [No.] 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong*, at p. 710.) A defendant with a special-circumstance finding who files a section 1172.6 petition may ultimately be found to be ineligible for relief, but it must be determined beyond a reasonable doubt the defendant was a major participant who acted with reckless indifference to human life under the *Banks/Clark* analyses. (*Strong*, at p. 720.) Though a special-circumstance finding may be challenged through a habeas corpus petition, "nothing in section 1172.6 says that a defendant must always do so before seeking resentencing." (*Id.* at p. 713, italics omitted.)

III

*Petitioner Is Not Barred From Relief As A Matter Of Law*

Petitioner contends the trial court erred in denying his petition on the basis that it was facially insufficient. Petitioner argues the trial court should have issued an order to show cause and conducted an evidentiary hearing. He argues the decisions in *Banks* and *Clark* changed the definition of what it means to be an active participant acting with reckless indifference to life, and under the new definition, petitioner could not be found guilty of first degree murder. The People concede in supplemental briefing that the order denying petitioner's petition must be reversed and the matter remanded to the superior court for further proceedings.

We originally concluded the trial court properly considered the record of conviction in finding petitioner failed to make a prima facie showing and petitioner failed to demonstrate error in the trial court's reliance on the jury's special-circumstance findings. The second conclusion is no longer valid in light of *Strong*.

Although the requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, petitioner is not barred from making a prima

7

facie case for relief based on the pre-*Banks*/*Clark* special-circumstance finding, and was not required to first challenge the finding via habeas proceedings. (*Strong*, *supra*, 13 Cal.5th at pp. 710, 713.) The trial court's statements to the contrary are inconsistent with section 1172.6 as clarified by *Strong*, and it was thus error to deny the petition without issuing an order to show cause. Moreover, although the trial court could have determined defendant was a major participant who acted with reckless indifference to human life under the *Banks*/*Clark* standards, it was required to make this finding beyond a reasonable doubt, following an evidentiary hearing under section 1172.6, subdivision (d). (*Strong*, at p. 720.)

Accordingly, we reverse the trial court's order denying the petition and remand for the trial court to conduct the prima facie procedures under section 1172.6, subdivision (c) and *Strong*. If it cannot determine petitioner is ineligible as a matter of law, it must issue an order to show cause and hold a hearing under section 1172.6, subdivision (d).

## DISPOSITION

The order denying the petition is reversed and the matter is remanded for further proceedings consistent with section 1172.6.

/s/
Robie, Acting P. J.

We concur:

/s/
Hull, J.

/s/
Krause, J.